**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
In re:                                                                                                  Chapter 7

     **DANIEL AUCAR,**                                                         Case No. 25-22507 (SHL)

             **Debtor.**
------------------------------------------------------------------X
**LEROS POINT TO POINT, INC.,**

             **Plaintiff,**

  v.                                                                                                   Adv. No. 25-07023 (SHL)

**DANIEL AUCAR**

             **Defendant.**
------------------------------------------------------------------X

      The defendant, Daniel Aucar (the "Defendant" or "Aucar"), by his attorneys, Cushner & Associates, P.C. answering the complaint of the plaintiff, Leros Point to Point, Inc. (the "Plaintiff" or "Leros"), herein, respectfully allege upon information and belief:

## NATURE OF THE ACTION

      1.    To the extent the allegations in Paragraph 1 state legal conclusions, no response is required. Defendant admits that Aucar was employed by Leros for approximately 12 years and did have access to records to which he was authorized in order to perform his expected work functions. Defendant otherwise denies all other allegations contained in the Paragraph 1, including, but not limited to, Plaintiff's assertion that the information accessed by Defendant qualifies as a "confidential trade secret."

      2.    Defendant admits that Defendant and Plaintiff were engaged in negotiations for a new employment agreement in late 2022 ("Employment Negotiations"). Defendant partially admits the allegation that he was forwarding documents to his personal accounts; Leros did not furnish Defendant with the necessary equipment to complete work off-site and was aware that

Defendant required access through his personal accounts in accordance with the requirements of Defendant's employment duties. Defendant unequivocally denies the allegation that Defendant copied and stored Plaintiff's alleged "trade secrets" beyond the duty of his employment. Defendant further denies Plaintiff's characterization of Defendant's intent to "position himself to compete with Leros" as alleged in Paragraph 2.

3. Defendant admits that Employment Negotiations stalled and failed, leading to Defendant's resignation. Defendant denies the allegation that he formed and incorporated GoJizo Corp. ("GoJizo") on the "very day of his resignation" but admits partial ownership in the company at some time after his resignation in April 2023. Defendant denies all other allegations contained in Paragraph 3.

4. Defendant denies the allegations contained in Paragraphs 4-5.

5. The allegations of Paragraph 6 of the Complaint state a legal conclusion which require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

## PARTIES

6. To the extent the allegations in Paragraph 7 state legal conclusions, no response is required. Defendant denies all other allegations contained in Paragraph 7.

7. Defendant admits the allegations set forth in Paragraph 8.

## JURISDICTION AND VENUE

8. To the extent the allegations in Paragraphs 9-12 state legal conclusions, no response is required. Defendant denies all other allegations contained in Paragraphs 9-12.

## BACKGROUND

### A. Leros's Business and Confidential Information

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraphs 13-24, but to the extent that such allegations require an answer, they are denied.

### B. Aucar's Employment and Confidentiality Agreement with Leros

10. Defendant partially admits the allegations contained in Paragraph 25 to the extent that Defendant was employed from October 2011 and resigned on or about March 28, 2023. To the extent that Plaintiff alleges that the employment was continuous during that period, Defendant denies the allegation in Paragraph 25.

11. Defendant admits the existence of a signed Confidentiality and Proprietary Rights Agreement (the "Confidentiality Agreement") dated as of October 11, 2011. To the extent the allegations in Paragraph 26 state legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26 and state the Confidentiality Agreement is a written agreement that speaks for itself and respectfully refer the Court to the Confidentiality Agreement for the terms and legal effect thereof. Defendant denies all factual allegations in Paragraph 26, if any.

12. To the extent the allegations in Paragraphs 27-33 state legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26 and state the Confidentiality Agreement is a written agreement that speaks for itself and respectfully refer the Court to the Confidentiality Agreement for the terms and legal effect thereof. Defendant denies all factual allegations in Paragraphs 27-33, if any.

13. Defendant admits the allegations in Paragraph 34 only to the extent that Aucar "benefited" professionally by regularly meeting the performance standards expected of his job duties, and denies any allegation that Defendant utilized this information to directly benefit in any external professional endeavors.

14. Defendant admits the allegations in Paragraph 35.

15. Defendant admits the allegations in Paragraph 36 insomuch that Defendant held several roles at Leros, but denies the allegation, if any, that his employment was continuous from the period of May 2018 through March 2023.

16. Defendant admits the allegations in Paragraph 37.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 38, but to the extent that such allegations require an answer, they are denied.

**C. Leros's Attempt to Negotiate a New Contract with Aucar and Aucar's Resignation**

18. Defendant admits the allegations contained in Paragraph 39 to the extent that Leros provided Aucar with a proposed employment agreement (the "Proposed Agreement"). However, Defendant denies knowledge or information sufficient to form a belief as to the intent of Leros in providing the Proposed Agreement, but to the extent that the allegations require an answer, they are denied.

19. Defendant denies knowledge or information sufficient to form a belief as whether Leros's efforts were in good faith, but to the extent that the allegations set forth in Paragraphs 40-41 require an answer, they are denied.

20. Defendant admits the allegations set forth in Paragraph 42.

21. Defendant denies the characterization of the allegations as "regressive" as set forth in Paragraph 43, but admits that Defendant included the good faith demands required to accept

negotiations, as advised by his then-counsel. Defendant denies all other allegations set forth in Paragraph 43.

22. Defendant denies the characterization of the demands as "regressive" as set forth in Paragraph 44, but admits that Leros did approach Aucar regarding the final demands.

23. Defendant admits that the resignation stemmed from the confrontation by Leros and was effective immediately. Additionally, Defendant admits vaguely expressing interest in the wine industry and the representation that Defendant deleted and returned all property belonging to Leros. Defendant denies all other allegations contained in Paragraph 45.

**D. Aucar's Theft of Leros's Confidential Information**

24. Defendant denies the characterization that Aucar's actions were "unbeknownst to Leros" as Leros had access to Defendant's accounts and provided information to Aucar. Furthermore, Defendant denies any characterization or implication of malfeasance, as Aucar regularly required the usage of his personal accounts to complete work and was still actively engaged in work for Leros during the course of negotiations. Defendant admits only that he used his personal accounts to complete his professional duties, as asserted in Paragraph 2 of this Answer. Defendant denies any other allegations set forth in Paragraph 46.

25. Defendant admits the allegations set forth in Paragraphs 47-50.

26. Defendant denies the allegations set forth in Paragraph 51.

27. Defendant admits the allegations set forth in Paragraphs 52-53.

28. Defendant denies the allegations set forth in Paragraphs 54-55.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraphs 56-57, but to the extent that such allegations require an answer, they are denied.

30. Defendant admits at some point after his resignation from Leros, Defendant was granted 49% equity in GoJizo. Defendant denies the allegation that he owned 100% of GoJizo at any point in time. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 58, but to the extent that such allegations require an answer, they are denied.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59, but to the extent that such allegations require an answer, they are denied.

32. Defendant admits the allegations contained in Paragraph 60.

33. Defendant denies the allegations contained in Paragraphs 61-63.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 64-65, but to the extent that such allegations require an answer, they are denied.

35. Defendant denies the allegation that Defendant ever disparaged Leros as set forth in Paragraph 66.

36. Defendant denies the allegation that Defendant met with Leros customers as a direct result of the alleged December 2022 spreadsheet and all other allegations contained in Paragraph 67.

37. Defendant denies the allegation that Defendant committed "solicitation efforts." Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68, but to the extent that such allegations require an answer, they are denied.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 69-76, but to the extent that such allegations require an answer, they are denied.

**E. Leros's State Court Lawsuit Against Aucar**

39. Defendant does not oppose the summary of procedural history as outlined in Paragraphs 77-79. To the extent that these allegations require a response, they are denied.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 80-82, but to the extent that such allegations require an answer, they are denied.

**F. Aucar's Bankruptcy Filing**

41. To the extent the allegations in Paragraphs 83-85 state legal conclusions, no response is required. Defendant denies all other allegations contained in Paragraphs 83-85.

## COUNT 1

### Aucar's Debt to Leros is Not Dischargeable Under 11 U.S.C. § 523(a)(4)

42. Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 41 of this Answer as if fully set forth herein.

43. To the extent the allegations in Paragraphs 87-88 state legal conclusions, no response is required. Defendant denies all other allegations contained in Paragraphs 87-88.

**A. Leros's Debt Arose from Aucar's Embezzlement of Leros's Property**

44. Defendant denies the allegations contained in Paragraph 89.

45. Defendant admits the allegations contained in Paragraphs 90-91.

46. Defendant denies the allegations contained in Paragraphs 92-93.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94, but to the extent that such allegations require an answer, they are denied.

48. Defendant denies the allegations contained in Paragraph 95-98.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99, but to the extent that such allegations require an answer, they are denied.

50. Defendant denies the allegations contained in Paragraphs 100-101.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102, but to the extent that such allegations require an answer, they are denied.

52. Defendant denies the allegations contained in Paragraph 103.

**B. In the Alternative Leros's Debt Arose from Aucar's Larceny of Leros's Property**

53. Defendant denies the allegations contained in Paragraph 104.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 105-106, but to the extent that such allegations require an answer, they are denied.

55. Defendant denies the allegations contained in Paragraph 107.

56. To the extent the allegations in Paragraphs 108-109 state legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraphs 108-109 and state the Confidentiality Agreement is a written agreement that speaks for itself and respectfully refer the Court to the Confidentiality Agreement for the terms and legal effect thereof. Defendant denies all factual allegations in Paragraph 108-109, if any.

57. Defendant denies the allegations contained in Paragraphs 110-118.

## COUNT II

### Aucar's Debt to Leros is Not Dischargeable Under 11 U.S.C. § 523(a)(6)

58. Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 57 of this Answer as if fully set forth herein.

59. To the extent the allegations in Paragraph 120 state legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 120.

60. Defendant denies the allegations contained in Paragraphs 121-126.

61. To the extent the allegations in Paragraphs 127-128 state legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraphs 127-128 and state the Confidentiality Agreement is a written agreement that speaks for itself and respectfully refer the Court to the Confidentiality Agreement for the terms and legal effect thereof. Defendant denies all factual allegations in Paragraph 127-128, if any.

62. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129, but to the extent that such allegations require an answer, they are denied.

63. Defendant denies the allegations contained in Paragraphs 130-133.

64. To the extent the allegations in Paragraph 134 state legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 134.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Failure to Satisfy Elements of Embezzlement

65. Plaintiff fails to satisfy one or more elements of embezzlement within the meaning of the dischargeability exemption under 11 U.S.C. § 523(a)(4).

66. Plaintiff fails to establish that Defendant misappropriated Leros's business information by Defendant's use of personal accounts. On the contrary, Leros was aware of and required Defendant to access the information off-site to complete his work duties.

67. Plaintiff failed to take reasonable measures to protect and secure its "Confidential Information" until late into Defendant's employment, at which point Leros provided a work computer. Still, Leros failed to demand that Defendant cease utilization of personal accounts and never disciplined Defendant for doing so.

68. Defendant reasonably believed he could use his personal accounts in continuation of a long-standing work practice which Leros never condemned nor corrected.

69. Plaintiff fails to establish, beyond circumstantial suspicion, that Defendant misrepresented his return of all property belonging to Leros.

70. Plaintiff fails to establish, beyond circumstantial suspicion, that Defendant misappropriated information belonging to Leros to unjustly benefit from and/or cause harm to Leros.

71. Plaintiff fails to establish that Defendant's responsibility "for the management of some of Leros's largest global customers and exercised management authority" does not extend to "itemized reports regarding 34 different Leros Corporate *customer accounts*" (emphasis added).

72. Plaintiff fails to establish that the alleged misrepresentations and misappropriations, if proven true, would amount to "fraudulent intent" which involving moral turpitude or intentional wrong.

73. Plaintiff's allegations, if true, would amount to no more than implied fraud.

## SECOND AFFIRMATIVE DEFENSE
### Failure to Satisfy Elements of Larceny

74. Plaintiff has failed to prove one or more essential elements of larceny under 11 U.S.C. § 523(a)(4).

75. Plaintiff admits that Defendant's possession and use of business information during his employment was lawful and authorized.

76. For example, Plaintiff fails to prove that Defendant's responsibility "for the management of some of Leros's largest global customers and exercised management authority over Leros's operations and sales teams" does not extend to "itemized reports regarding 34 different Leros Corporate *customer accounts*" (emphasis added).

## THIRD AFFIRMATIVE DEFENSE
### Failure to Satisfy Elements of Willful and Malicious Injury

77. Plaintiff fails to establish allegations against Defendant constitute willful and malicious injury under 11 U.S.C. § 523(a)(4).

78. Plaintiff fails to establish that the allegations against Defendant, if true, would amount to more than negligent or reckless acts.

## FOURTH AFFIRMATIVE DEFENSE
### Failure to Establish Trade Secrets

79. Plaintiff has failed to establish that the information at issue constitutes "trade secrets" or "confidential information" entitled to protection under applicable laws.

80. The alleged "Confidential Information" does not satisfy one or more elements required to establish trade secret status, including but not limited to:

    a. The information was not secret or confidential;
    b. The information was generally known or readily ascertainable within the industry;
    c. The information did not derive independent economic value from not being generally known;
    d. Plaintiff failed to take reasonable measures to maintain the secrecy of the information;
    e. The information constituted general knowledge, skill, and experience acquired during employment.

81. The alleged "Confidential Information" consists of customer lists, pricing information, and business methods that are easily ascertainable by the public through industry publications, public sources, and standard business practices in the ground transportation industry.

82. Plaintiff's alleged security measures were inadequate and insufficient to maintain trade secret protection, including requiring employees to use personal accounts and devices for work purposes.

## FIFTH AFFIRMATIVE DEFENSE
### Unclean Hands

83. Plaintiff engaged in wrongful conduct including, but not limited to:

    a. Wrongfully withholding compensation and commissions owed to Defendant;
    b. Acting in bad faith during contract negotiations;
    c. Retaliating against Defendant for asserting his rights to fair compensation;

84. Plaintiff's own wrongful conduct directly caused or substantially contributed to the resignation of Defendant from Leros, and, thus, any alleged injury claimed in this action.

85. Plaintiff cannot seek to benefit from non-dischargeability provisions while having engaged in inequitable conduct that precipitated the dispute

## SIXTH AFFIRMATIVE DEFENSE
### No Fraudulent Misrepresentation by Defendant

86. Defendant did not make any fraudulent misrepresentations to Plaintiff.

87. Any statements made by Defendant at the time of resignation were true or were based on Defendant's good faith belief and reasonable understanding at the time.

88. Defendant's statement regarding interest in the wine industry reflected a genuine consideration of career alternatives and was not made with intent to deceive.

89. Defendant's representation that he had deleted or returned Leros's property was accurate at the time it was made, as Defendant had fulfilled his obligations under the Confidentiality Agreement to the extent any confidential information existed.

90. Plaintiff cannot establish the elements of fraud, including knowingly false statements, and intent to deceive.

### SEVENTH AFFIRMATIVE DEFENSE
#### No Unjust Enrichment

91. Defendant has not been unjustly enriched at Plaintiff's expense.

92. Any compensation or benefits received by Defendant from GoJizo Corp., Blackbird Worldwide Corp., or any other entity were earned through Defendant's own labor, skills, and legitimate business activities.

93. Plaintiff has not provided evidence, beyond the circumstantial, that Defendant used Plaintiff's alleged trade secrets or confidential information to obtain any unfair competitive advantage or financial benefit.

94. Plaintiff has not been deprived of any property or benefit to which it was legally entitled.

95. Plaintiff's alleged loss of revenue is an arbitrary number which cannot be solely attributed to Defendant's alleged actions even if proven true.

### EIGHTH AFFIRMATIVE DEFENSE
#### Reservation of Rights

96. Defendant denies each and every allegation not specifically admitted herein.

97. Defendant reserves the right to assert additional affirmative defenses as may be revealed through discovery or further proceedings in this matter.

**WHEREFORE**, the Debtors respectfully requests that this Honorable Court:

   A.  Dismiss the Complaint in its entirety with prejudice;

   B.  Find that the debt, if any, owed to Plaintiff is dischargeable in Defendant's Chapter 7 bankruptcy case;

   C.  Award Defendant reasonable attorneys' fees and costs incurred in defending this action; and,

   D.  Granting such other and further relief as this Honorable Court deem just and proper.

Dated: White Plains, New York
       October 18, 2025

**CUSHNER & ASSOCIATES, P.C.**

By:   <u>/s/ Todd S. Cushner</u>
      Todd S. Cushner, Esq.
      *Attorney for Debtor*
      399 Knollwood Road, Suite 205
      White Plains, NY 10603
      914-600-5502