**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------
In re: )
)
)
DANIEL AUCAR, )     Chapter 7
)     Case No. 25-22507 (SAB)
)
Debtor. )
------------------------------------------------------------------
LEROS POINT TO POINT, INC., )
)
)
Plaintiff, )
)     Adv. Proc. No. 25-07023 (SAB)
- against - )
)
DANIEL AUCAR, )
Defendant. )
)
------------------------------------------------------------------

## <u>SCHEDULING ORDER</u>

The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION. If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

It is hereby ORDERED as follows:

1.  Initial disclosures pursuant to Bankruptcy Rule 7026 and Fed. R. Civ. P. 26(a)(1) shall be served on or before **March 13, 2026**.

2.  All discovery shall be completed by **August 10, 2026**. Interim discovery deadlines (fact versus expert, written versus testimonial, party and non-party, etc.) are as follows:

    a.  Defendant shall serve responses to Plaintiff's first set of discovery

1

requests, served on January 22, 2026, on or before **March 20, 2026**.

b.  All fact discovery shall be completed by **May 15, 2026**.

c.  The parties shall simultaneously exchange any opening expert reports for issues on which the party bears the burden of proof on or before **June 15, 2026**.

d.  Depositions of the parties' expert witnesses for opening expert reports shall be conducted on or before **July 2, 2026**.

e.  The parties may submit any expert rebuttal reports on or before **July 23, 2026**. For the avoidance of doubt, a party may submit a rebuttal report in response to an opening report even if that party had not submitted its own opening report.

f.  Depositions for parties' rebuttal experts shall be conducted on or before **August 10, 2026**.

3.  In the event of a dispute over discovery, counsel and any self-represented party shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by a one-page letter of the nature of the dispute and request a discovery conference, which ordinarily will be conducted on the record via Zoom for Government. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute. **Parties whose adversaries cause delay should promptly seek relief. The Court disfavors requests for adjournments that follow a long-running lack of progress.**

4.  The Court will hold a status conference on **April 22, 2026, at 10:00 a.m. (Eastern Time)**.

5.  The Court will hold a final pretrial conference on **September 14, 2026, at 10:00 a.m. (Eastern Time)**.

6.  Any party wishing to move for summary judgment must file a letter request for a premotion conference pursuant to Local Bankruptcy Rule 7056-1(a) no later than 14 days before the final pretrial conference, which will then also serve as a premotion conference. Any response to a premotion conference request shall be served not less than 7 days before the conference. Failure to comply with this timing requirement without advance Court authorization may cause the proposed motion to be denied as untimely.

7. If summary judgment briefing is not approved or was not requested, the Court will set specific deadlines at the post-discovery pretrial conference for all needed steps to make the case trial-ready, including the:

- exchange of exhibit lists and marked exhibits;
- identification of any objections thereto as to authenticity and/or admissibility;
- exchange of witness lists;
- filing of and responses to any motions in limine (which the Court encourages to minimize evidentiary and case-management uncertainty at trial);
- submission of a proposed joint pretrial order; and
- submission of sworn written statements in lieu of live direct testimony or any proposal to present live direct testimony and the identities of any witnesses whom any party wishes to cross examine during trial.

8. The Court anticipates setting deadlines tailored to the circumstances of the individual case. Unless otherwise ordered, the deadlines set forth in the Court's Chambers' Rules (Evidentiary Hearings and Trials) apply. The parties must meet and confer so as to be prepared to discuss these topics during the post-discovery pretrial conference, and also should identify any other procedural matters that the parties believe would assist in making the case trial-ready. Within two business days following the conference, the parties must submit to Chambers a proposed post-discovery conference order memorializing any deadlines or other requirements set at the conference.

9. At the final pretrial conference, if no summary judgment briefing schedule is set, the Court will schedule a final pretrial conference either for the contemplated first day of trial, or for a date shortly before the first trial date. The parties must be trial-ready on the trial date[s] assigned by the Court.

SO ORDERED.

New York, New York
Date: March 12, 2026

/s/ Shireen A. Barday
**HONORABLE SHIREEN A. BARDAY**
**UNITED STATES BANKRUPTCY JUDGE**

3